IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| ASHLEIGH REES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 6:17-cv-01096 |
| HARDEN HEALTHCARE HOLDINGS, LLC, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 *et seq.*, Defendant Harden Healthcare Holdings, LLC files this Notice of Removal of the case styled *Ashleigh Rees v. Harden Healthcare Holdings, LLC,* Case No. 2016-CV-002727-CE from the District Court of Sedgwick County, Kansas, in which it is now pending (hereafter, the "State Court Action"), to the United States District Court for the District of Kansas. In support of this Notice of Removal, Defendant states the following:

1. On November 30, 2016, Plaintiff Ashleigh Rees ("Plaintiff") filed her Petition in the District Court of Sedgwick County, Kansas, asserting claims under the Fair Labor Standards Act and the Kansas Wage Payment Act. A copy of the Petition is attached hereto as Exhibit A.

2. On April 6, 2017, Defendant's Kansas registered agent was served with Summons and Petition. Plaintiff also served Defendant's Delaware registered agent with process, on April 10, 2017.

3. This Notice of Removal is filed within thirty (30) days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the District of Kansas geographically embraces the state court in Sedgwick County, Kansas in which Plaintiff filed her state court action.

5. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the United States District Court's original jurisdiction pursuant to 28 U.S.C. § 1331, in that Plaintiff's Petition asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

6. Plaintiff's claims under the FLSA are within the Court's federal question jurisdiction. 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1441(b), an action within this Court's federal question jurisdiction is removable without regard to the parties' citizenship or residence.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Additionally, removal of this action is proper under 28 U.S.C. § 1441 et seq. because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

9. Diversity of citizenship exists between Plaintiff and Defendant under 28 U.S.C. § 1332(a).

10. Plaintiff is a resident of the State of Kansas. *See* Ex. A, Petition, at ¶ 1.

11. The citizenship of a limited liability company is determined by the citizenship of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015); *Lompe v. Sunridge Partners, LLC,* 818 F.3d 1041, 1047 (10th Cir. 2016) (same).

12. Defendant Harden Healthcare Holdings, LLC's sole member is Gentiva Health Services Inc., which is a Delaware corporation with its principal place of business in Louisville,

Kentucky. Thus, Defendant, with Gentiva Health Services, Inc. as its sole member, is a citizen of both Delaware and Kentucky for diversity purposes. 28 U.S.C. § 1332(c)(1).

13. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

14. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

15. Although Defendant disputes many of Plaintiff's allegations and denies that it is liable to Plaintiff, the amount *in controversy* in this action exceeds $75,000.00, exclusive of interest and costs.

16. Plaintiff alleges in her Petition that while employed by Defendant, she regularly worked more than 40 hours per workweek, and was not paid straight time compensation and overtime compensation, nor paid by Defendant for mileage incurred on its behalf. *See* Ex. A, Petition at ¶¶ 5-7.

17. Plaintiff seeks damages and liquidated damages under the FLSA, and damages and penalties under the Kansas Wage Payment Act. *See* Ex. A, Petition at ¶¶ 8, 9 and prayer for relief. She seeks damages, liquidated damages, penalties, prejudgment interest, post-judgment interest, attorney's fees and costs. Id.

18. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998) ("The Supreme Court has long held that when a statute permits recovery of attorney's

fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." ).

19. Plaintiff's claim for attorneys' fees alone allows the fact finder to reasonably conclude that Plaintiff's damages claim exceeds $75,000. Recent fee awards in Kansas state court in employment cases with a single plaintiff include:

- *Medlock v. John & Johnson Companies* (1996) – plaintiff received $205,440 in attorney fees
- *Vanhoet v. Menninger Clinics* (2001) – plaintiff received $150,837 in attorney fees

20. Considering the aggregate of Plaintiff's potential claims for damages, liquidated damages, penalties, attorney's fees and costs, a fact finder might legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendant has demonstrated that this matter meets the amount in controversy requirement for removal of this action.

21. A copy of this Notice of Removal will be filed with the Clerk of the District Court of Sedgwick County, Kansas, and served upon counsel for Plaintiff.

22. Attached to this Notice of Removal as Exhibit A are true and correct copies of all process, pleadings and orders served upon Defendant in the State Court Action.

23. For all the foregoing reasons, removal of this action to this Court is proper pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

WHEREFORE**,** Defendant Harden Healthcare Holdings, LLC respectfully removes this case from the District Court of Sedgwick County, Kansas to this Court for all further proceedings, as provided by law and that, pursuant to 28 U.S.C. § 1446, the District Court of Sedgwick County, Kansas proceed no further unless and until such further Order of this Court.

Respectfully submitted,

*/s/ Karen K. Cain*
Karen K. Cain, KS #17256
Uzo N. Nwonwu, KS #23492
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
kcain@littler.com
unwonwu@littler.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed via the Court's CM/ECF system this 27th day of April, 2017, and served via U.S. Mail, first class postage prepaid, to the following:

Sean M. McGivern
Nathan R. Elliott
Graybill & Hazlewood, LLC
218 N. Mosley St.
Wichita, KS 67202

Katy E. Tompkins
McDonald Tinker PA
300 W. Douglas Ave., Suite 500
Wichita, KS 67202

ATTORNEYS FOR PLAINTIFF

*/s/ Karen K. Cain*
Attorney for Defendant